UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ALEJANDRO MARTINEZ, | No. 2:22-cv-1161 DB P |
| Plaintiff, | |
| v. | ORDER |
| MARTIN BRANDON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that police officers used excessive force, retaliated, and discriminated against him in violation of his constitutional rights. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

2

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

I.   **Allegations in the Complaint**

Plaintiff alleges the events giving rise to the claim occurred while he was incarcerated at the Sutter County Jail in Yuba City, California. (ECF No. 1 at 1.) Plaintiff has identified the following defendants: (1) Martin Brandon, police officer at the Yuba City Police Department; (2) Castillo, guard at the Sutter County Jail; (3) "other officers" at the Yuba City Police Department;

3

and (4) "Sutter County Jail Officers." (Id. at 2.) The court will discuss whether the allegations in the complaint are sufficient to state a claim as set forth below.

## II. Does Plaintiff State a Claim under § 1983?

### A. Excessive Force

Plaintiff alleges that he put his hands on his head, then "they" grabbed his head and slammed it to the pavement. (ECF No. 1 at 3.) Then, they hit him in the back without justification. Plaintiff further states, "I think their [sic] racist. I'm Mexican-american. Theres [sic] no need for that. They've been caught under oath lying second to last case. Sutter County Jail never brought me information with their supposed investigation." (Id.) Plaintiff claims he was arrested because the officer had a scratch on his hand that he received "from assaulting [plaintiff] pretty much." Plaintiff states that as a result of the incident his right arm was injured.

The Fourth Amendment protects individuals from the use of excessive force by law enforcement officials "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen[.]" Graham v. Connor, 490 U.S. 386, 395 (1989). Excessive force claims "are analyzed under the objective reasonableness standard of the Fourth Amendment." Blanford v. Sacramento County, 406 F.3d 1110, 1115 (9th Cir. 2005). Under this standard the court is required to "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8 (1985) (quoting United States v. Place, 462 U.S. 696, 703 (1983)). "Force is excessive when it is greater than is reasonable under the circumstances." Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. 386).

To state a claim for relief under § 1983, plaintiff must state facts explaining how each of the identified defendant caused the deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff has alleged that he had placed his hands on his head when "they" grabbed his head and slammed it into the pavement. (ECF No. 1 at 3.) Such an allegation would be sufficient to state an excessive force claim. However, plaintiff has not identified which defendant took such action. In any amended complaint, plaintiff must identify which defendant used excessive force against him.

**B. Retaliation**

Plaintiff states that "they give everyone threats of writeups for speaking to themselves threw the intercom . . . talking when I talk to make me mad." (Id. at 4.) He states that officers only allow inmates two grievances per month. He further states that '[t]hey only allow two an [sic] month and then agravate [sic] you when they know you've made yours." (Id.) He states that an officer who brought him to Delano making false statements about him to prison staff. Plaintiff appears to allege that all inmates who used the grievance system received disciplinary writeups.

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). This standard is applicable to pretrial detainees. Edmundson v. Flathead Cty. Sheriff Dept., 654 Fed.Appx. 264 (9th Cir. 2016); Williams v. Madrid, 609 Fed.Appx. 421 (9th Cir. 2015).

Plaintiff may be able to state a retaliation claim based on his allegation that jail staff would issue disciplinary writeups to inmates who filed grievances. However, as with his excessive force claim, he has not identified which defendant took such adverse action against him. In order to state a claim, he must connect an identified defendant to the alleged violation of his rights.

**C. Discrimination**

Plaintiff states that he was assaulted then punished. (ECF No. 1 at 5.) He also states he was not allowed to file charges. He claims sergeant Olson told plaintiff that plaintiff assaulted Olsen. Plaintiff also alleges that Castillo did not allow him to file charges. He further alleges he was not allowed to file charges on an "assault by white racist." (Id.) He states, "Guard Castillo covering it up for himself another racist guard there. Discriminated myself. Awful occurrence dn't wnt [sic] this to happen to inmates . . . ." (Id.)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Hartmann v. Calif.

5

Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). Inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment. Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Lee v. Washington, 390 U.S. 333, 334 (1968)). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008).

It is not clear whether plaintiff seeks to challenge the use of force by law enforcement, or the disparate treatment based on race, or both. Plaintiff may state a claim based on such allegations. However, the complaint lacks sufficient factual specificity. As set forth above, plaintiff must state facts showing what happened and identify the specific defendants involved. Additionally, to state an equal protection claim, plaintiff must state facts showing that he was treated differently because of his membership in a protected class.

## AMENDING THE COMPLAINT

As set forth above, the complaint does not state a claim. However, plaintiff will be given the opportunity to submit an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order

////

to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 20, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/mart1161.scrn