1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CESAR ALEJANDRO MARTINEZ,              No.  2:22-cv-1161 DB P

12                    Plaintiff,

13         v.                                ORDER

14    MARTIN BRANDON, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims that police officers used excessive force, retaliated, and

19    discriminated against him in violation of his constitutional rights.  Presently before the court are

20    plaintiff's amended complaints[1] (ECF Nos. 12, 13) for screening.  For the reasons set forth below,

21    the court will dismiss the complaints with leave to amend.

22    ////

23    ////

24    ////

25    _____

      [1] Plaintiff has submitted two complaints captioned as "First Amended" complaints.  (See ECF
26    Nos. 12, 13.)  Upon review the two complaints appear identical.  An amended complaint
      supersedes any prior complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 925 (9th Cir. 2012)
27    (amended complaint supersedes original). Therefore, the court will screen the later submitted
      complaint (ECF No. 13), and all references to the First Amended Complaint will refer to this
28    document.

                                              1

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at
389.  The statute requires that there be an actual connection or link between the
actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
omits to perform an act which he is legally required to do that causes the deprivation of which
complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
their employees under a theory of respondeat superior and, therefore, when a named defendant
holds a supervisorial position, the causal link between him and the claimed constitutional
violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
concerning the involvement of official personnel in civil rights violations are not sufficient.  See
Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## I.       Allegations in the Complaint

Plaintiff alleges the events giving rise to the claim occurred while he was incarcerated at
the Sutter County Jail in Yuba City, California.  (ECF No. 13 at 1.)  Plaintiff has identified officer
Martin Brandon and "other police officers" as defendants.  (Id. at 1-2.)  Plaintiff's allegations in
the complaint are as follows:

> Ok then. Please supena [sic] the body cams of officers at the time of
> arrest. I had my hands on top of my head with they slammed me to
> the ground with my head. Then started to beat me on body cams.
> Look at the body cams please in the interest of justice please. Help
> me out. This isn't an [sic] good furtherance [sic]. Dislocated my
> shoulder. I have x-rays here at prison. There's the excessive force.
> That's all I want to state. This is self[-]explanatory. The investigator

1
2

came in and interviewed myself at the jail. Where's the letter I was supposed to receive? As well pleast treat this case seriously. Their an [sic] bad police force that need justice for this seriously.

3

(Id. at 3.)  Plaintiff states that as a result, he suffered a head injury and a dislocated shoulder.  (Id.)

4

Plaintiff seeks monetary damages in relief.  (Id. at 4.)

5

## II.    Does Plaintiff State a Claim under § 1983?

6

### A.  Excessive Force

7

The Fourth Amendment protects individuals from the use of excessive force by law

8

enforcement officials "in the course of an arrest, investigatory stop, or other 'seizure' of a free

9

citizen[.]"  Graham v. Connor, 490 U.S. 386, 395 (1989).  Excessive force claims "are analyzed

10

under the objective reasonableness standard of the Fourth Amendment."  Blanford v. Sacramento

11

County, 406 F.3d 1110, 1115 (9th Cir. 2005).  Under this standard the court is required to

12

"balance the nature and quality of the intrusion on the individual's Fourth Amendment interests

13

against the importance of the governmental interests alleged to justify the intrusion."  Tennessee

14

v. Garner, 471 U.S. 1, 8 (1985) (quoting United States v. Place, 462 U.S. 696, 703 (1983)).

15

"Force is excessive when it is greater than is reasonable under the circumstances."  Santos v.

16

Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. 386).

17

To state a claim for relief under § 1983, plaintiff must state facts explaining how each of

18

the identified defendant caused the deprivation of his rights.  Leer v. Murphy, 844 F.2d 628, 634

19

(9th Cir. 1988).  In the amended complaint, plaintiff has again alleged that "officers" slammed

20

him to the ground.  (ECF No. 1 at 3.)  As stated previously, in order to state a claim, plaintiff

21

must specify which defendant or defendants took such action.  In any amended complaint,

22

plaintiff must identify which defendant used excessive force against him.  Plaintiff should also

23

include information indicating what preceded the officers' use of force.  Kingsley v. Hendrickson,

24

576 U.S. 389, 396-97 (2015).

25

Additionally, the court notes that plaintiff's request for the court to issue a subpoena for

26

the body camera footage is premature.  Because the undersigned has found that the amended

27

complaint does not contain a potentially cognizable claim, it has not yet ordered service of the

28

complaint on defendants, and discovery has not commenced.  Thus, plaintiff's request for a

4

1   subpoena is premature and will be denied without prejudice.  See Smith v. Municipality of Fresno

2   Cnty., No. 1:19-cv-00651 DAD EPG, 2019 WL 6618059, at *3 (E.D. Cal. Dec. 5, 2019) (citing

3   Reiman v. Does 1-10000, No. C07-5130RJB, 2007 WL 1575307, at *2 (W.D. Wash. May 22,

4   2007)).

5                          **AMENDING THE COMPLAINT**

6          As set forth above, the complaint does not state a claim.  However, plaintiff will be given

7   the opportunity to submit an amended complaint.  Plaintiff is advised that in an amended

8   complaint he must clearly identify each defendant and the action that defendant took that violated

9   his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's

10  charging allegations are as to each named defendant.  The charging allegations must be set forth

11  in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.

12  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff

13  should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

14         Any amended complaint must show the federal court has jurisdiction, the action is brought

15  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

16  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

17  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

18  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

19  of a constitutional right if he does an act, participates in another's act or omits to perform an act

20  he is legally required to do that causes the alleged deprivation).

21         In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

22  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

23  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

24  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

25         The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

26  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

27  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

28  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

                                          5

1  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

2  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

3  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

4        An amended complaint must be complete in itself without reference to any prior pleading.

5  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

6  Any amended complaint should contain all of the allegations related to his claim in this action.  If

7  plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

8  complaint.

9        By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

10  has evidentiary support for his allegations, and for violation of this rule the court may impose

11  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

12                                    **CONCLUSION**

13        For the reasons set forth above, IT IS HEREBY ORDERED that:

14     1.  Plaintiff's amended complaint (ECF No. 13) is dismissed with leave to amend.

15     2.  Plaintiff is granted thirty days from the date of service of this order to file an amended

16         complaint that complies with the requirements of the Civil Rights Act, the Federal

17         Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

18         must bear the docket number assigned to this case and must be labeled "Second

19         Amended Complaint."

20     3.  Failure to comply with this order will result in a recommendation that this action be

21         dismissed.

22

23  Dated:  January 31, 2023

24

25

26                                    DEBORAH BARNES
                                      UNITED STATES MAGISTRATE JUDGE
27

28  DB:12
    DB/DB Prisoner Inbox/Civil Rights/S/mart1161.scrn2

                                       6